**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CITIZENS INSURANCE COMPANY of | ) | |
| AMERICA, a Michigan corporation; and | ) | |
| HANOVER INSURANCE COMPANY, | ) | |
| a New Hampshire corporation | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: |
| | ) | |
| LSL INDUSTRIES, INC., an Illinois corporation, | ) | |
| and VANESSA INGRAM SANCHEZ, individually | ) | |
| and on behalf of all others similarly situated, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Citizens Insurance Company of America ("Citizens") and Hanover Insurance Company ("Hanover"), by and though their counsel of record, and for their Complaint against Defendants LSL Industries, Inc. ("LSL") and Vanessa Ingram Sanchez, individually and on behalf of all others similarly situated ("Sanchez"), state as follows:

## INTRODUCTION

1. This is an insurance coverage dispute between Citizens and Hanover, on the one hand, and LSL. Citizens issued a Commercial Lines Policy to LSL that contains a General Liability Coverage Part. Hanover issued a Commercial Follow Form Excess and Umbrella Policy to LSL. In this action, Citizens and Hanover seek a declaration that they have no duty to defend or indemnify LSL under the Policies in connection with the underlying putative class action suit captioned, *Vanessa Ingram Sanchez v. LSL Industries, Inc.*, Case No. 21 CH 00220 filed in the Circuit Court of Cook County, Illinois.

1

## PARTIES, JURISDICTION AND VENUE

2.      Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

3.      Plaintiff, Citizens, is a corporation organized under the laws of the State of Michigan, with its principal place of business in Worcester, Massachusetts.

4.      Plaintiff, Hanover, is a corporation organized under the laws of the State of New Hampshire, with its principal place of business in Worcester, Massachusetts.

5.      Defendant, LSL is a corporation organized under the laws of the State of Illinois, with its principal place of business in Niles, Illinois.

6.      Defendant, Sanchez, is a citizen of the State of Illinois. Sanchez is joined in this suit as a nominal party defendant.

7.      The Sanchez Lawsuit for which LSL seeks a defense and indemnity is a putative class action. The Citizens Policy has a Limit of Liability of $1 million for Personal and Advertising Injury and $2 million in the General Aggregate. The Hanover Policy has Limits of Liability of $10 million Each Occurrence/Each Claim and $10 million in the General Aggregate.

8.      Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiffs Citizens and Hanover, and Defendants LSL and Sanchez, and (b) the amount in controversy, including the potential costs of both defending and indemnifying LSL, substantially exceeds $75,000.

9.      Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contract at issue, which forms the basis of this action occurred in the Northern District of Illinois.

## **FACTUAL BACKGROUND**

**A. The Policies**

10.     Citizens issued Commercial Lines Policy No. ZBC H466451 00 to LSL Industries, Inc., effective 1/1/2021 to 1/1/2022 (the "Citizens Policy"). A true and correct copy of the Citizens Policy is attached hereto as **Exhibit A**.

11.     Hanover Insurance Company issued Commercial Follow Form Excess and Umbrella Policy No. UHC H466453 00 to LSL Industries, Inc., effective 1/1/2021 to 1/1/2022 (the "Hanover Policy" or "Umbrella Policy"). A true and correct copy of the Hanover Policy is attached hereto as **Exhibit B**.

**B. The Sanchez Lawsuit**

12.     On January 15, 2021, Vanessa Ingram Sanchez, individually and on behalf of all others similarly situated filed a putative class action against LSL Industries, Inc. dba LSL Healthcare ("LSL") in the Circuit Court of Cook County, Illinois, bearing Case No. 21 CH 00220 (the "Sanchez Lawsuit"). A true and correct copy of the Complaint filed in the Sanchez Lawsuit is attached hereto as **Exhibit C**.

13.     The Complaint alleges that when LSL hires an employee, including Sanchez, he or she is enrolled in an employee database(s) using a scan of his or her fingerprint, and defendant uses the database(s) to monitor the time worked by its employees.

14.     The Complaint alleges, upon information and belief, that LSL discloses employees' fingerprint data to at least one third-party vendor which receives, stores, accesses or otherwise processes the biometric data for the purpose of providing its services, including the back-up storage of data, and likely other third party vendors who host the biometric data in their data centers.

15.     According to the Complaint, notwithstanding the clear and unequivocal requirements of the law, LSL disregarded Sanchez's and other similarly-situated employees'

3

statutorily protected privacy rights by unlawfully collecting, obtaining, storing, disseminating, and using her and other similarly-situated employees' biometric data in violation of the Illinois Biometric Information Privacy Act ("BIPA").

16. Specifically, the Complaint alleges LSL violated and continues to violate BIPA because it did not and continues not to: a. Properly inform Sanchez and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA; b. Publish a publicly available retention schedule and guidelines for permanently destroying Sanchez's and other similarly-situated employees' fingerprints, as required by BIPA; c. Obtain a written release from Sanchez and others similarly situated to collect, store, disseminate, or otherwise use their fingerprints, as required by BIPA; and d. Obtain consent from Sanchez and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints to a third party, as required by BIPA.

17. The proposed class is described as, "All individuals who work or worked for Defendant in the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained, maintained, stored, or disclosed by Defendant during the applicable statutory period".

18. The Complaint contains three counts alleging violations of BIPA. Count I alleges violation of Section 15(a) of BIPA. Count II alleges violation of Section 15(b). Count II alleges violation of Section 15(d). The Complaint seeks declaratory relief; statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); injunctive and other equitable relief as is necessary to protect the interests of Plaintiff

and the Class, attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS §

14/20(3); and pre- and post-judgment interest.

19.     LSL received notice of the Sanchez Lawsuit on January 19, 2021.

20.     LSL did not notify Citizens or Hanover of the Sanchez Lawsuit until August 10,

2022.

21.     LSL has requested coverage from Citizens and Hanover for the Sanchez Lawsuit.

Citizens and Hanover contend that they have no obligation to defend or indemnify LSL against

the Sanchez Lawsuit. Accordingly, an actual controversy exists between Citizens and Hanover, on

the one hand, and LSL, on the other hand, and by the terms and provisions of Rule 57 of the Federal

Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power

to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary

and proper.

## COUNT I – DECLARATORY JUDGMENT

### (Citizens Policy– Access or Disclosure Exclusion)

22.     Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for

Paragraph 22, as though the same were fully set forth herein.

23.     The Citizens Policy contains an Endorsement titled, "Exclusion – Access or

Disclosure of Confidential or Personal Information and Data-Related Liability – With Limited

Bodily Injury Exception, which provides, in relevant part:

> **B.** The following is added to Paragraph **2.**
> **Exclusions** of **Section I – Coverage B –**
> **Personal And Advertising Injury Liability:**
>
> **2. Exclusions**
> This insurance does not apply to:
> **Access Or Disclosure Of Confidential Or Personal Information**
> "Personal and advertising injury" arising out of
> any access to or disclosure of any person's or

organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

24.     The Sanchez Complaint alleges LSL collected its employees' fingerprints and biometric information in violation of BIPA.

25.     Biometric information is personal and/or confidential information.

26.     Therefore, any "personal and advertising injury" arises out of access to or disclosure of any person's confidential or personal information, and coverage for the Sanchez Lawsuit is precluded under the Citizens Policy pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

27.     The Citizens Policy consequently does not actually or potentially provide coverage for the Sanchez Lawsuit.

28.     Accordingly, Citizens has no duty to defend or indemnify LSL for the Sanchez Lawsuit.

WHEREFORE, Citizens and Hanover respectfully request that this Honorable Court declare as follows:

A.  That Citizens has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

B. That Hanover has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT II – DECLARATORY JUDGMENT

### (Citizens Policy– Employment Practices Liability Exclusion)

29.     Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 29, as though the same were fully set forth herein.

30.     The Citizens Policy contains an Employment Practices Liability Exclusion, which states:

> **B.** The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to:
>
> "Personal and advertising injury" to:
>
> > **(1)** A person arising out of any:
> > > **(a)** Refusal to employ that person;
> > > **(b)** Termination of that person's employment;  or
> > > **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
> > >                               ***
> > This exclusion applies:
> > > **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
> > >
> > > **(2)** Whether the insured may be liable as an employer or in any other capacity; and
> > >
> > > **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

31.     The Sanchez Complaint is brought by employees of LSL and alleges that LSL violated its employees' privacy in their biometric information by requiring them to provide their biometric information for timekeeping purposes and disclosing their biometric information in violation of BIPA.

32.     As a result, any "personal and advertising injury" arises out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution, and coverage is precluded under the Citizens Policy by reason of the Employment Practices Liability Exclusion.

33.     The Citizens Policy, therefore, does not actually or potentially provide coverage for the Sanchez Lawsuit.

34.     Accordingly, Citizens has no duty to defend and indemnify LSL for the Sanchez Lawsuit.

WHEREFORE, Citizens and Hanover respectfully request that this Honorable Court declare as follows:

A.  That Citizens has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

B.  That Hanover has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

C.  Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT III– DECLARATORY JUDGMENT

### (Citizens Policy – Recording and Distribution Exclusion)

35.     Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for

Paragraph 35, as though the same were fully set forth herein.

36.     The Citizens Policy contains the following Exclusion:

This insurance does not apply to:

**p. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising
directly or indirectly out of any action or
omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act
(TCPA), including any amendment of or
addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any
amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and
any amendment of or addition to such law,
including the Fair and Accurate Credit
Transactions Act (FACTA); or

**(4)** Any federal, state or local statute,
ordinance or regulation, other than the
TCPA, CAN-SPAM Act of 2003 or FCRA
and their amendments and additions, that
addresses, prohibits, or limits the printing,
dissemination, disposal, collecting,
recording, sending, transmitting,
communicating or distribution of material or
information.

37.     The Sanchez Complaint alleges that LSL violated BIPA, a state statute, that

addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting,

communicating or distribution of material or information.

38.     Thus, any "personal and advertising injury" arises directly or indirectly out of any

action or omission that violates or is alleged to violate any federal, state or local statute, ordinance

or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

39.     Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Sanchez Lawsuit under the Citizens Policy.

40.     The Citizens Policy does not actually or potentially provide coverage for the Sanchez Lawsuit.

41.     As a result, Citizens has no duty to defend or indemnify LSL against the Sanchez Lawsuit.

WHEREFORE, Citizens and Hanover respectfully request that this Honorable Court declare as follows:

A.  That Citizens has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

B.  That Hanover has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

C.  Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IV – DECLARATORY JUDGMENT

### (Citizens Policy– Breach of Notice Condition)

42.     Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 42, as though the same were fully set forth herein.

43.     The Citizens Policy contains the following Condition:

### 2. Duties in the Event of Occurrence, Claim or Suit

10

\*\*\*

**d.** If a claim is made or a "suit" is brought against any insured you must:

> **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
>
> **(2)** Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**e.** You and any other involved insured must:

> **(1)** Immediately send us copies of any demands, notices, summonses or legal documents received in connection with the claim or "suit";
>
> \*\*\*

44.     The Sanchez Lawsuit was filed on January 15, 2021.

45.     LSL received notice of the Sanchez Lawsuit on or about January 18, 2021.

46.     However, LSL did not report the suit to Citizens until August 10, 2022.

47.     LSL consequently delayed giving notice to Citizens of the Sanchez Lawsuit for over approximately eighteen (18) months.

48.     LSL, therefore, did not give notice to Citizens of the Sanchez Lawsuit "as soon as practicable" in breach of the Notice condition.

49.     Coverage under the Citizens Policy is consequently barred as a result of LSL's breach of the Notice condition.

50.     Accordingly, Citizens has no duty to defend or indemnify LSL for the Sanchez Lawsuit.

WHEREFORE, Citizens and Hanover respectfully request that this Honorable Court declare as follows:

A.  That Citizens has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

B. That Hanover has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT V – DECLARATORY JUDGMENT

### (Umbrella Policy – Excess Coverage)

51. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 51, as though the same were fully set forth herein.

52. The Excess Insuring Agreement in the Umbrella Policy provides, in pertinent part:

**I. INSURING AGREEMENTS**
**1. Coverage A – Follow Form Excess Liability Insuring Agreement**
**a.** We will pay on behalf of the insured those sums in excess of the "underlying insurance" which the insured becomes legally obligated to pay as damages, provided:

   **(1)** Such damages are covered by "underlying insurance";
   ***

53. "Underlying insurance" is defined in the Umbrella Policy as "the liability insurance coverage provided under policies shown in the Schedule of Underlying Insurance for the limits and policy periods indicated."

54. The General Liability Coverage Part of the Citizens Policy is "Underlying Insurance". The Excess Coverage Part of the Umbrella Policy follows form to the Citizens Policy.

55. Because the General Liability Coverage Part in the Citizens Policy does not provide coverage for the Sanchez Lawsuit for the reasons set forth herein in Counts I – IV, the Excess Coverage Part of the Umbrella Policy does not provide coverage for the Sanchez Lawsuit.

56.     The Excess Coverage Part of the Umbrella Policy does not actually or potentially provide coverage for the Sanchez Lawsuit.

57.     Hanover, therefore, has no duty to defend or indemnify LSL for the Sanchez Lawsuit under the Excess Coverage Part of the Umbrella Policy.

WHEREFORE, Citizens and Hanover respectfully request that this Honorable Court declare as follows:

A.  That Citizens has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

B.  That Hanover has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

C.  Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VI – DECLARATORY JUDGMENT

### (Umbrella Policy – Umbrella Liability Coverage)

58.     Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 58, as though the same were fully set forth herein.

59.     The Umbrella Liability Insuring Agreement provides, in relevant part:

c. Coverage B – Umbrella Liability **Insuring Agreement** does not apply to:

> **(1)** Any claim or "suit" which is covered by "underlying insurance" regardless of whether or not the "underlying insurance" is available or the limits have been exhausted;
>
> **(2)** Any claim or "suit" covered by **Coverage A – Follow Form Excess Liability Insurance** of this policy; or
>
> **(3)** Any costs or expenses related to loss as described by **c.(1)** or **c.(2)** above.

60.     SECTION II. DEFENSE AND SETTLEMENT in the Umbrella Liability Coverage Part states, in pertinent part:

> We have no duty to defend any person or organization against any claim or "suit":
>
> **(1)** To which this insurance does not apply; or
>
> **(2)** If any other insurer has a duty to defend.

61.     In the event the Court determines that Citizens has a duty to defend, then the Umbrella Liability Coverage Part in the Umbrella Policies does not apply, and Hanover has no duty to defend or indemnify LSL under the Umbrella Liability Coverage Part of the Umbrella Policies.

WHEREFORE, Citizens and Hanover respectfully request that this Honorable Court declare as follows:

A.  That Citizens has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

B.  That Hanover has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

C.  Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## <u>COUNT VII– DECLARATORY JUDGMENT</u>
### (Umbrella Policy –Personal Injury Exclusion)

62.     Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 62, as though the same were fully set forth herein.

63.     The Umbrella Liability Coverage Part in the Umbrella Policy contains an Endorsement titled, "Exclusion – Personal Injury (Coverage B Only)", which states:

14

The following is added to section VII. EXCLUSIONS, paragraph 3. Applicable to Coverage B – Umbrella Liability only:

Personal Injury

Any liability or expense arising from "personal injury".

64. "Personal Injury" is defined, in relevant part, as injury, including consequential "bodily injury", arising out of one or more of the following offenses:***e. Oral or written publication, in any manner, of material that violates a person's right of privacy.

65. The Sanchez Complaint alleges LSL disclosed its employees' biometric information to third parties.

66. The Sanchez Complaint, therefore, alleges oral or written publication, in any manner, of material that violates a person's right of privacy, and thus "personal injury".

67. Accordingly, the "personal injury" exclusion precludes coverage for the Sanchez Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policy.

68. The Umbrella Liability Coverage Part of the Umbrella Policy does not actually or potentially provide coverage for the Sanchez Lawsuit.

69. Hanover, therefore, has no duty to defend or indemnify LSL for the Sanchez Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policy.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

B. That Hanover has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VIII– DECLARATORY JUDGMENT

### (Umbrella Policy –Access or Disclosure Exclusion)

70. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 70, as though the same were fully set forth herein.

71. The Umbrella Policy contains the following Exclusion:

This insurance does not apply to:

**a. Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability**
Any liability or expense arising out of:
**(1)** Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or
***

72. The Sanchez Complaint alleges LSL collected its employees' fingerprints and biometric information in violation of BIPA.

73. Biometric information is personal and/or confidential information.

74. Therefore, any liability arises out of access to or disclosure of any person's confidential or personal information, and coverage for the Sanchez Lawsuit is precluded under the Umbrella Coverage Part of the Umbrella Policy pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

16

75.     The Umbrella Liability Coverage Part of the Umbrella Policy does not actually or potentially provide coverage for the Sanchez Lawsuit.

76.     Accordingly, Hanover has no duty to defend or indemnify LSL for the Sanchez Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policy.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A.  That Citizens has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

B.  That Hanover has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

C.  Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IX – DECLARATORY JUDGMENT

### (Umbrella Policy – Employment Related Practices Exclusion)

77.     Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 77, as though the same were fully set forth herein.

78.     The Umbrella Policy contains the following Exclusion:

> **d. Employment Related Practices**
> Any claim by or on behalf of:
> **(1)** A person arising out of any:
>> **(a)** Refusal to employ that person;
>> **(b)** Termination of that person's employment; or
>> **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>> ***

79.     The Sanchez Lawsuit is brought by employees of LSL and alleges that LSL violated its employees' privacy in their biometric information by requiring them to provide their biometric information for timekeeping purposes and disclosing their biometric information in violation of BIPA.

80.     As a result, the Sanchez Lawsuit is a claim by or on behalf of a person arising out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person, and coverage is precluded under Umbrella Liability Coverage Part of the Umbrella Policy by reason of the Employment Practices Liability Exclusion.

81.     The Umbrella Liability Coverage Part of the Umbrella Policy does not actually or potentially provide coverage for the Sanchez Lawsuit.

82.     Accordingly, Hanover has no duty to defend and indemnify LSL for the Sanchez Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policy.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A.  That Citizens has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

B.  That Hanover has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

C.  Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT X – DECLARATORY JUDGMENT

### (Umbrella Policy– Recording and Distribution Exclusion)

83.     Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for

Paragraph 83, as though the same were fully set forth herein.

84.     The Umbrella Policy contains the following exclusion:

This insurance does not apply to:

**h. Recording and Distribution of Material in Violation of Law**
Any liability or expense arising out of any action or omission that violates or is
alleged to violate:

> **(1)** The Telephone Consumer Protection
> Act (TCPA), including any amendment
> of or addition to such law; or
> **(2)** The CAN-SPAM Act of 2003,
> including any amendment of or
> addition to such law; or
> **(3)** The Fair Credit Reporting Act (FCRA)
> and any amendment of or addition to
> such law, including the Fair and
> Accurate Credit Transaction Act
> (FACTA); or
> **(4)** Any federal, state or local statute,
> ordinance or regulation, other than the
> TCPA, CAN-SPAM Act of 2003 or
> FCRA and their amendments and
> additions, that addresses, prohibits or
> limits the printing, dissemination,
> disposal, collecting, recording,
> sending, transmitting, communicating
> or distribution of material or
> information.

85.     The Sanchez Complaint alleges that LSL violated BIPA, a state statute that

addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting,

communicating or distribution of material or information.

86.     Thus, any liability in the Sanchez Lawsuit arises directly or indirectly out of any

action or omission that violates or is alleged to violate any federal, state or local statute, ordinance

19

or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

87.     Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Sanchez Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policy.

88.     The Umbrella Liability Coverage Part of the Umbrella Policy does not actually or potentially provide coverage for the Sanchez Lawsuit.

89.     As a result, Hanover has no duty to defend or indemnify LSL against the Sanchez Lawsuit.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A.  That Citizens has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

B.  That Hanover has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

C.  Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## <u>COUNT XI – DECLARATORY JUDGMENT</u>

### (Umbrella Policy– Breach of Notice Condition)

90.     Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 90, as though the same were fully set forth herein.

91.     The Conditions Section of the Umbrella Policy states:

**6. Duties in the Event of "Occurrence",**
**Offense, Claim or "Suit"**
            ***

**c.** If a claim is made or "suit" is brought
against any insured to which this insurance
may apply, you must see to it
that we receive written notice of the claim
or "suit" as soon as practicable.

**d.** You and any other involved insured must:
**(1)** Send us copies as soon as practicable
of any demands, notices, summonses
or legal papers received in connection
with the claim or "suit" to which this
insurance may apply;
            ***

92.     The Sanchez Lawsuit was filed on January 15, 2021.

93.     LSL was notified of the suit on January 18, 2021.

94.     However, LSL did not report the suit to Hanover until August 10, 2022.

95.     LSL consequently delayed giving notice to Hanover of the Sanchez Lawsuit for over approximately eighteen (18) months.

96.     LSL, therefore, did not give notice to Citizens of the Sanchez Lawsuit "as soon as practicable" in breach of the Notice condition.

97.     Coverage under the Umbrella Liability Coverage Part of the Umbrella Policy is consequently barred as a result of LSL's breach of the Notice condition.

98.     Accordingly, Hanover has no duty to defend or indemnify LSL for the Sanchez Lawsuit.

WHEREFORE, Citizens and Hanover respectfully request that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

B. That Hanover has no duty to defend or indemnify LSL in connection with the Sanchez Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

Citizens Insurance Company of America and Hanover Insurance Company

By: /s/ Kelly M. Ognibene
       One of its Attorneys

Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
Jeffrey.Goldwater@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com