# EXHIBIT C

Return Date: No return date scheduled
Hearing Date: 5/17/2021 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
 Cook County, IL

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
1/15/2021 3:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00220

11856261

| | | |
|---|---|---|
| **VANESSA INGRAM SANCHEZ,** | ) | |
| **individually, and on behalf of all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No.  2021CH00220 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LSL Industries, Inc. d/b/a LSL Healthcare,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Vanessa Ingram Sanchez ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), by and through her attorneys, brings the following Class Action Complaint ("Complaint") pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against LSL Industries, Inc. d/b/a LSL Healthcare ("LSL Healthcare" or "Defendant"), its subsidiaries and affiliates, to redress and curtail Defendant's unlawful collection, obtainment, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and biometric information (collectively referred to herein as "biometric data"). Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. Defendant, LSL Healthcare, manufactures medical devices and disposable kits.

2. When Defendant hires an employee, including Plaintiff, he or she is enrolled in an employee database(s) using a scan of his or her fingerprint. Defendant uses the database(s) to monitor the time worked by its employees.

1

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

3.  While many employers use conventional methods for tracking time worked (such as ID badges, numerical pass codes or punch clocks), Defendant's employees are required, as a condition of employment, to have their fingerprints scanned by a biometric device.

4.  Biometrics are not relegated to esoteric corners of commerce. Many businesses—such as Defendant's—and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks or authenticators, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

5.  Unlike ID badges or pass codes—which can be changed or replaced if stolen or compromised—a fingerprint is a unique, permanent biometric identifier associated with each employee. Defendant's use of this technology exposes Plaintiff and other employees to serious and irreversible privacy risks. For example, if a database containing fingerprints or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed—like in the recent Google+, Equifax, Uber, Facebook/Cambridge Analytica and Marriott data breaches or misuses—employees have **_no_** means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

6.  An illegal market exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data—including fingerprints, iris scans, and facial photographs—of over a billion Indian

citizens.[1] In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes.[2]

7.    Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, specifically to regulate companies that collect, obtain, store, use and/or disseminate Illinois citizens' biometrics, such as fingerprints.

8.    Notwithstanding the clear and unequivocal requirements of the law, Defendant disregarded Plaintiff's and other similarly-situated employees' statutorily protected privacy rights by unlawfully collecting, obtaining, storing, disseminating, and using Plaintiff's and other similarly-situated employees' biometric data in violation of BIPA. Specifically, Defendant violated and continues to violate BIPA because it did not and continues not to:

a.    Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

b.    Publish a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated employees' fingerprints, as required by BIPA;

c.    Obtain a written release from Plaintiff and others similarly situated to collect, store, disseminate, or otherwise use their fingerprints, as required by BIPA; and

d.    Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints to a third party, as required by BIPA.

---

[1] *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018), *available at*: https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/?utm_term=.b3c70259fl38.

[2] Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details*, The Tribune (Jan. 4, 2018), *available at* http://www.tribuneindia.com/news/nation/rs-500-10-minutes-and-you-have-access-to-billion-aadhaar-details/523361.html.

FILED DATE: 1/15/2021 3:01 PM    2021CH00220

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

9.      Accordingly, Plaintiff, on behalf of herself as well as the putative Class, seeks an Order: (1) declaring that Defendant's conduct violates BIPA; (2) requiring Defendant to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

## PARTIES

10.      Plaintiff Vanessa Ingram Sanchez is a natural person and a citizen of the State of Illinois.

11.      Defendant is an Illinois corporation that conducts business in the State of Illinois, including within Cook County, with corporate headquarters located in Cook County at 6200 W Howard St. Niles, IL. 60714.

## JURISDICTION AND VENUE

12.      This Court has jurisdiction over Defendant pursuant to 735 ILCS § 5/2-209, because Defendant conducts business in Illinois and committed the statutory violations alleged herein in Illinois.

13.      Venue is proper in Cook County because Defendant is authorized to conduct business in this State, conducts business transactions in Cook County, and committed the statutory violations alleged herein in Cook County, Illinois.

## FACTUAL BACKGROUND

**I.      The Biometric Information Privacy Act.**

14.      In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

§ 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

15.     In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly, there was a serious risk that millions of fingerprint records—which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

16.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

17.     Additionally, to ensure compliance, BIPA provides that, for <u>each</u> violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS § 14/20.

18.     BIPA is an informed consent statute, which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

a. Informs the subject in writing that a biometric identifier or biometric information is being collected, otherwise obtained, stored and used;

b. Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, otherwise obtained, stored, and used; and

c. Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

19.     BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS § 14/10.

20.     Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and—most importantly here—fingerprints. *See* 740 ILCS § 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id*.

21.     BIPA establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS § 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. *See* 740 ILCS § 14/15(d)(1).

22.     BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS § 14/15(c)) and requires companies to develop and comply with a written policy, made available to the public, establishing a retention

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS § 14/15(a).

23.     The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and—most significantly—the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at a heightened risk for identity theft and left without any recourse.

24.     BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

25.     Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric identifiers and biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

## II.     Defendant Violates the Biometric Information Privacy Act.

26.     By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented with using individuals' biometric data stopped doing so.

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

27.     However, Defendant failed to take note of the shift in Illinois law governing the collection, obtainment, use, storage, and dissemination of biometric data. As a result, Defendant continues to collect, obtain, store, use and disseminate its employees' biometric data in violation of BIPA.

28.     Specifically, when employees are hired, Defendant requires them to have their fingerprints scanned to enroll them in an employee database(s).

29.     In accordance with Defendant's policies and practices, the hourly employees are required to use their fingerprints to clock-in and clock-out, recording their time worked.

30.     When employees enroll their fingerprint data into Defendant's database(s), Defendant captures, collects, and stores the employees' fingerprint data to be used as a template with which to compare future fingerprint scans in order to verify the users' identity.

31.     Defendant again collects employees' fingerprint data upon each subsequent fingerprint scan.

32.     Upon information and belief, Defendant discloses employees' fingerprint data to at least one third-party vendor which receives, stores, accesses or otherwise processes the biometric data for the purpose of providing its services, including the back-up storage of data, and likely other third party vendors who host the biometric data in their data centers.

33.     Defendant fails to inform employees that it discloses or disclosed their fingerprint data to at least one third-party vendor; fails to inform its employees that it discloses their fingerprint data to other, currently unknown, third parties, which host the biometric data in their data centers; fails to inform their employees of the purposes and duration for which they collect their sensitive biometric data; and, fails to obtain written releases from employees before collecting, obtaining and/or disseminating their fingerprints.

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

34.     Defendant fails to publish a written, publicly-available policy identifying retention schedules and guidelines for permanently destroying employees' biometric data when the initial purpose for collecting or obtaining their biometrics is no longer relevant, as required by BIPA.

35.     The Pay by Touch bankruptcy that catalyzed the passage of BIPA, as well as the recent data breaches, highlights why such conduct—where individuals are aware that they are providing a fingerprint, but not aware of to whom or for what purposes they are doing so—is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers, such as a fingerprint, who exactly is collecting their biometric data, where it will be transmitted, for what purposes, and for how long. Defendant disregarded these obligations and its employees' statutory rights and instead unlawfully collects, stores, uses and disseminates its employees' biometric identifiers and information, without first receiving the individual's informed written consent required by BIPA.

36.     Upon information and belief, Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data, and has not and will not destroy Plaintiff's and other similarly-situated individuals' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the employee's last interaction with the company.

37.     Defendant does not tell Plaintiff and others similarly situated what might happen to their biometric data if and when Defendant merges with another company, or worse, if and when Defendant's business folds, or when the other third parties that have received employees' biometric data businesses fold.

38.     Since Defendant neither publishes a BIPA-mandated data retention policy or discloses the purposes for its collection and use of biometric data, Defendant's employees have no

FILED DATE: 1/15/2021 3:01 PM   2021CH00200

idea whether Defendant sells, discloses, rediscloses, or otherwise disseminates their biometric data. Moreover, Plaintiff and others similarly situated are not told to whom Defendant discloses their biometric data, or what might happen to their biometric data in the event of a merger or a bankruptcy.

39.     These violations raise a material risk that Plaintiff's and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties.

40.     By and through the actions detailed above, Defendant disregards Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.

## III.   Plaintiff Vanessa Ingram Sanchez's Experience.

41.     Plaintiff Vanessa Ingram Sanchez worked as a Customer Service Representative for Defendant from April 16, 2012 through September 25, 2020. From 2012 until 2018, Client worked at LSL's facility at 5535 N. Wolcott Ave. Chicago, Illinois 60640. LSL moved their headquarters to 6200 W Howard St., Niles, IL 60714 in 2018.

42.     As a condition of her employment, Plaintiff was required to scan her fingerprint so Defendant could use it as an authentication method to track her time worked.

43.     Defendant stored Plaintiff's fingerprint data in its employee database(s).

44.     Plaintiff was required to scan her fingerprint each time she began and ended her workday. Defendant did not inform Plaintiff in writing or otherwise of the purpose(s) and length of time for which her fingerprint biometrics were being collected or obtained, did not receive a written release from Plaintiff to collect, obtain, store, or use her biometric data, did not publish a publicly available retention schedules and guidelines for permanently destroying Plaintiff's biometric data, and did not obtain Plaintiff's consent before disclosing or disseminating her biometric data to third parties.

FILED DATE: 1/15/2021 3:01 PM    2021CH00200

45.     Plaintiff has never been informed of the specific limited purposes or length of time for which Defendant collects, obtains, stores, uses, and/or disseminates her biometric data.

46.     Plaintiff has never been informed of any biometric data retention policy developed by Defendant, nor has she ever been informed of whether Defendant will ever permanently delete her biometric data.

47.      Plaintiff has never been provided with nor ever signed a written release allowing Defendant to collect, obtain, store, use or disseminate her biometric data.

48.     Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's multiple violations of BIPA alleged herein.

49.     No amount of time or money can compensate Plaintiff if her biometric data has been compromised by the lax procedures through which Defendant captures, stores, uses, and disseminates her and other similarly-situated individuals' biometrics. Moreover, Plaintiff would not have provided her biometric data to Defendant if she had known that Defendant would retain such information for an indefinite period of time without her consent.

50.     A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

51.     As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, she seeks statutory damages under BIPA as compensation for the injuries caused by Defendant. *Rosenbach*, 2019 IL 123186, ¶ 40.

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

## CLASS ALLEGATIONS

52.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, Plaintiff brings claims on her own behalf and as a representative of all other similarly-situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

53.     As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it ***first*** (1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose(s) and length of time for which a biometric identifier or biometric information is being collected, stored, and used; ***and*** (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS § 14/15.

54.     Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, for the following class of similarly-situated individuals under BIPA:

> All individuals who work or worked for Defendant in the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained, maintained, stored, or disclosed by Defendant during the applicable statutory period.

55.     This action is properly maintained as a class action under 735 ILCS § 5/2-801 because:

A.     The class is so numerous that joinder of all members is impracticable;

B.     There are questions of law or fact that are common to the class;

C.     Plaintiff's claims are typical of the claims of the class; and,

D.     Plaintiff will fairly and adequately protect the interests of the class.

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

### Numerosity

56.     The total number of putative class members exceeds fifty (50) individuals. The exact number of class members can easily be determined from Defendant's personnel records.

### Commonality

57.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by Defendant's failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

A.     Whether Defendant collected, captured, maintained, stored, or otherwise obtained Plaintiff's and the Class members' biometric identifiers or biometric information;

B.     Whether Defendant properly informed Plaintiff and the Class members of the purposes for collecting, obtaining, using, storing, and disseminating their biometric identifiers or biometric information;

C.     Whether Defendant properly obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, store, and disseminate Plaintiff's and the Class members' biometric identifiers or biometric information;

D.     Whether Defendant has disclosed or redisclosed Plaintiff's and the Class members' biometric identifiers or biometric information;

E.     Whether Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class members' biometric identifiers or biometric information;

F.     Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied, or within three years of their last interaction with the individual, whichever occurs first;

G.     Whether Defendant complies with any such written policy (if one exists);

H.     Whether Defendant's violations of BIPA have raised a material risk that Plaintiff's and the putative Class members' biometric identifiers and

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

biometric information will be unlawfully accessed by third parties;

I.      Whether Defendant used Plaintiff's and the Class's fingerprints to identify them;

J.      Whether the violations of BIPA were committed negligently; and

K.      Whether the violations of BIPA were committed intentionally or recklessly.

58.     Plaintiff anticipates that Defendant will raise defenses that are common to the class.

## Adequacy

59.     Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

## Typicality

60.     The claims asserted by Plaintiff are typical of the class members she seeks to represent. Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

61.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

## Predominance and Superiority

62.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

63.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

### FIRST CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule**

64.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

65.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention—and, importantly, deletion—policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

FILED DATE: 1/15/2021 3:01 PM    2021CH00220

66.     Defendant fails to comply with these BIPA mandates.

67.     Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

68.     Plaintiff and the Class members are individuals who have had their "biometric identifiers" collected by Defendant (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

69.     Plaintiff's and the Class members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

70.     Defendant failed to publish a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

71.     Upon information and belief, Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and Class members' biometric data and has not and will not destroy Plaintiff's or Class members' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

72.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, obtainment, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

FILED DATE: 1/15/2021 3:01 PM 2021CH00220

**SECOND CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information**

73.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

74.     BIPA requires companies to obtain informed written consent from individuals when acquiring their biometric identifiers and biometric information. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

75.     Defendant fails to comply with these BIPA mandates.

76.     Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

77.     Plaintiff and the Class members are individuals who have had their "biometric identifiers" collected by Defendant (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

78.     Plaintiff's and the Class members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

79.     Defendant systematically and automatically collected, obtained, used, stored and disseminated Plaintiff's and Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

80.     Defendant did not inform Plaintiff and Class members in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated, nor did Defendant inform Plaintiff and Class members in writing of the specific purposes and length of term for which their biometric identifiers and/or biometric information were being collected, obtained, stored, used, and disseminated as required by 740 ILCS § 14/15(b)(1)-(2).

81.     By collecting, obtaining, storing, and using Plaintiff's and Class members' biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq*.

82.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and Class members by requiring Defendant to comply with BIPA's requirements for the collection, obtainment, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA  pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

### THIRD CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent**

83.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

84.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifiers or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS § 14/15(d)(1).

85.     Defendant fails to comply with this BIPA mandate.

86.     Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

87.     Plaintiff and the Class members are individuals who have had their "biometric identifiers" collected by Defendant (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

88.     Plaintiff's and Class members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

89.     Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and Class members' biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS § 14/15(d)(1).

90.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's and Class members' biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

91.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, obtainment, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Vanessa Ingram Sanchez respectfully requests that this Court enter an Order:

A.   Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Vanessa Ingram Sanchez as Class Representative, and appointing Stephan Zouras, LLP as Class Counsel;

B.   Declaring that Defendant's actions, as set forth above, violate BIPA;

C.   Awarding statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1);

D.   Declaring that Defendant's actions, as set forth above, were intentional and/or reckless;

E.   Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendant to comply with BIPA when collecting, obtaining, storing, using and disseminating biometric identifiers and/or biometric information;

F.   Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

G.   Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and,

H.   Awarding such other and further relief as equity and justice may require.

Date:  January 15, 2021                    Respectfully Submitted,

                                           /s/ Megan E. Shannon
                                           James B. Zouras
                                           Ryan F. Stephan
                                           Megan E. Shannon
                                           Stephan Zouras, LLP
                                           100 N. Riverside Plaza,

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
mshannon@stephanzouras.com
Firm ID: 43734

**ATTORNEYS FOR PLAINTIFF**

FILED DATE: 1/15/2021 3:01 PM   2021CH00220

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on January 15, 2021, I filed the attached with the Clerk of the Court using the Court's electronic filing system, which will send such filing to all attorneys of record.

_/s/ Megan E. Shannon_