IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITIZENS INSURANCE COMPANY of AMERICA, a Michigan corporation; and HANOVER INSURANCE COMPANY, a New Hampshire corporation<br><br>       Plaintiffs,<br><br>v.<br><br>LSL INDUSTRIES, INC., an Illinois corp. and VANESSA INGRAM SANCHEZ, individually and on behalf of all others similarly situated,<br><br>       Defendants. | Civil Action No.: 22-cv-6247<br><br>Hon. Judge Thomas Durkin |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
CROSS MOTION FOR SUMMARY JUDGMENT**

  NOW COMES Defendant, LSL Industries, Inc., an Illinois Corporation ("LSL"), by its attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., submits the following Reply In Support Of Its Cross Motion For Summary Judgment, stating as follows:

**LAW AND ARGUMENT**

**I.  The Illinois Appellate Courts' Ruling In The Visual Pak Case Does Not Apply**

  In June, 2023, the Seventh Circuit Court of Appeals issued its decision in C*itizens Insurance Co. v. Wynndalco Enterprises, LLC*, 70 F. 4th 987 (7th Cir. 2023), finding that the violations of laws exclusion contained in the Citizens policy was ambiguous when applied to an underlying case predicated on violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, et seq. Recognizing the fact that this decision was controlling in the case at bar which also involves an underlying BIPA suit and a number of exclusions in the Citizens'

1

contract of insurance, Citizens purposefully did not raise the violation of laws exclusion in its motion for summary judgment filed herein.

On December 19, 2023, the Illinois Appellate Court in *National Fire Insurance Company Of Hartford v. Visual Pak Company*, 2023 IL App (1st) 221160, ruled that the violation of laws exclusion was not ambiguous and applied to bar the plaintiff's duty to defend its insured in an underlying BIPA suit. Citizens' response/reply brief was filed on January 5, 2024 and sought to amend its motion for summary judgment to now include the exclusion at issue in the *Wynndalco* and *Visual Pak* decisions. At that time, the V*isual Pak* decision was not yet final. While now technically final, the attorney for the insured in the *Visual Pak* case has advised that a petition for leave to appeal is to be filed with the Illinois Supreme Court. (Affidavit of Patti M. Deuel, exhibit A).

As acknowledged by Citizens in its motion, the decisions of intermediate state courts do not override the precedent of the Seventh Circuit Court of Appeals. (Citizens' Combined Response at 5-6); *see also Reiser v. Residential Funding Corp.,* 380 F. 3d 1027, 1029 (7th Cir. 2004). It contends, however, that the Court should disregard the *Wynndalco* decision and follow *Visual Pak* because different exclusions are in issue. (Citizens' Combined Response at 5-6).

The language of the exclusions in both cases are identical except for their titles. In *Wynndalco*, the title of the exclusion was the "Distribution of Material and Violation of Statutes", while the title in *Visual Pak* was the "Recording and Distribution of Material or Information in Violation of Law". While the opinions both addressed the title of the exclusions, in *Visual Pak*, the Illinois Appellate Court found that the title which referenced the "recording of information" brought "to mind" the secrecy prong of privacy interests which made it appropriate "to read into

this exclusion the gloss of statutes that protect privacy", including BIPA. *Visual Pak*, 2023 IL App. (1st) 221160 at ¶71-73.

The appellate court's approach of using the title of the exclusion as a basis for the finding that the exclusion is directed towards statutes that protect privacy so that BIPA claims are excluded is improper under Illinois law. As recognized by the Seventh Circuit in the *Wynndalco* case, a heading or a title cannot be employed as a means to expand an exclusion. *Wynndalco*, 70 F.4th 987 at 1002 fn. 10. The Seventh Circuit appropriately recognized that titles and headings play a limited role in the interpretation of a policy exclusion and that they are possible "indicators" of the meaning of the following provision but they cannot be utilized as a "basis for expanding the scope of an exclusion". *Id.* The authority relied upon by the *Wynndalco* court for that proposition included the Illinois Supreme Court's opinion in *Barth v. State Farm*, 222 Ill. 2d 163 (2008).

The fact that the title of the Citizens exclusion is different than the clause at issue in *Wynndalco* does not provide a basis for finding that the Seventh Circuit's opinion is distinguishable and not applicable to the case at bar.

Moreover, in *Wynndalco*, the Seventh Circuit followed Illinois law and initially recognized that exclusions are to be read narrowly and are only applicable if clear and free from doubt. *Wynndalco*, 70 F. 4th at 997. It further noted that Illinois law provides that an exclusion will only be applied where its terms are clear, definite and specific. *Id.* The Illinois Appellate Court's decision does not even reference these principles. *Visual Pak*, 2023 IL App (1st) 221160. In contrast to the Illinois Appellate Court, the Seventh Circuit engaged in an analysis of the claim and ultimately found that the catch all phrase was too broad to be enforceable and, hence was ambiguous.

The Seventh Circuit's decision is consistent with the Illinois Supreme Court's treatment of similar catch all provisions. For instance, in *Gillen v. State Farm Mutual Auto Insurance Company*, 215 Ill. 2d 381 (2005), the Illinois Supreme Court found that a limitation of liability clause that provided for set offs of liability for amounts paid under any worker's compensation, disability benefits or "similar laws" was too vague and did not include set off provisions under the Chicago Municipal Code for pensions. *Id.* at 393. The insurer's reliance on case law that had found a "similarity" between the Code and the Workers Compensation Act was determined to "miss the mark" as the appropriate test was whether an average person would have reasonably understood the inclusion of the Code provision. *Id.* at 395. The Illinois Supreme Court rejected the notion that the set off provision was "clear, definite and specific" and held that it did not apply to the pension payment.

The Seventh Circuit's handling of the application of the violation of laws exclusion as contained in the Citizens policy was appropriate and in accordance with Illinois law. There is no basis for this court to disregard the *Wynndalco* decision which holds that the exclusion does not apply to bar Citizens' duty to defend.

II.     **The Access Or Disclosure of Confidential Information Exclusion Is Not Clear And Is Ambiguous With Respect To The BIPA Suit**

Citizens fails to address the arguments raised by LSL with respect to the access or disclosure exclusion or the myriad of cases that have construed the exclusion as ambiguous and not inclusive of BIPA claims. Contrary to Citizens' argument, the case law relied upon by LSL did not employ the canons of construction to create an ambiguity. (Citizens' Combined Response at 8). Rather, as illustrated by the District Court's opinion in *Citizens Insurance Company v. Mullins Food Products,* 2023 U.S. Dist. Lexis 131973 (N.D. Ill), the Court initially addressed the question of whether the exclusion was ambiguous when applied to BIPA and only subsequently

4

considered the canons of construction in an effort to resolve that ambiguity. That was also the approach of the Court in *Society Insurance v. Cermak Produce*, 2023 U.S. Dist. Lexis 129588 (N.D. IL).

Second, exclusions are to be narrowly construed regardless of any ambiguity. As explained by the Illinois Supreme Court:

> "[A] policy provision that purports to exclude or limit coverage will be read narrowly and will be applied only where its terms are clear, definite and specific."

*Gillen v. State Farm Mutual Auto Insurance Company*, 215 Ill. 2d 381, 393 (2005).

Yet, according to Citizens, the catch all phrase contained in the exclusion which provides that it encompasses "any other type of non-public information" should be "broadly" applied to biometric identifiers as they are personal information. (Citizens' Combined Response at 9). This argument flies in the face of the terms of BIPA which distinguishes between "biometric identifiers" and "confidential and sensitive information". 740 ILCS 1410. In *Citizens v. Thermoflex Waukegan,* 588 F. Supp. 3d 845 (N.D. IL 2022), the Court looked at the statute and found that none of the examples of biometric identifiers in the Act were included within the definition of "confidential and sensitive information" and noted that the Act specifically provides that biometric information is "unlike" other identifiers for finances or other sensitive information. *Id.* at 856. The Court concluded that there was more than one reasonable interpretation of the exclusion and therefore determined that it had to be construed in favor of the insured in accordance with Illinois law.

As discussed by the Court in *Society Insurance v. Cermak Products*, 2023 U.S. Dist. Lexis 129588 (N.D. IL), the Act provides that biometric identifiers refer to hand and fingerprint scans while confidential information is defined as "personal information" that can be utilized to identify

a person or a person's property such as an "account number, a pin number, a passcode, a driver's license number or a social security number". *Id.* at 17-18. Because the access or disclosure of confidential or personal information exclusion listed information which is confidential such as customer lists, financial information and credit cards, but not specifically biometric identifiers, the Court held that the exclusion did not apply.

In short, pursuant to BIPA, biometric identifiers such as in issue here are not confidential information defined as personal information by the statute. The exclusion is by no means clear, definite or specific with respect to BIPA claims as required by Illinois law. *Gillen v. State Farm Mutual Auto Insurance Company*, 215 Ill. 2d 381, 393 (2005).

The access or disclosure of confidential information exclusion does not apply to bar coverage for the underlying suit.

### III. The Employment Related Practices Exclusion Does Not Apply

Citizens maintains that the employment related practices exclusion is applicable because the exclusion is not limited to practices regarding employment performance as stated by the court in *West Bend Mutual Insurance Company v. Rosemont Exhibition Services*, 378 Ill. App. 3d 478, 488-89 (2007) (Citizens' combined response at 12 – 13). In *West Bend*, the issue before the court was whether the exclusion applied to a defamation cause of action which was premised on the statement that the claimants took part in a fraudulent worker's compensation claim for which they were terminated. According to the Court, the complaint was clear that the claimants were terminated and that the alleged defamation was "part and parcel" of the termination. *Id.* at 492. The Court rejected the argument that the exclusion only reached claims involving job performance and found that the claims fell squarely within the terms of the exclusion.

6

The federal court addressed the *Rosemont Exhibition* case in the context of a BIPA suit in *State Auto Mutual Insurance Company v. Tony's Finer Foods*, 589 F. Supp. 3d 919 (N.D. IL 2022), one of the decisions relied upon by LSL in its opening brief. In *Tony's Finer Foods*, the Court initially considered the framework of the exclusion noting that there were three prongs – the initial clause dealing with the refusal to hire, the second clause which involves termination and the third part which is a "grab bag" of other employment – related conduct. *Id.* at 927. According to the Court, the consideration of the exclusion as a whole illustrates that the exclusion applies to "adverse employment actions," not anything that happens at work. *Id.*

According to the *Tony's Finer Foods* decision, the exclusion requires a change in the employment status or some other type of negative treatment directed at the employee. *Id.* The Court reasoned that the "theme" of the exclusion guided its interpretation and limited the scope of the provision. *See also Citizens v. Mullins Food Products*, 2023 U.S. Dist. Lexis 131973; *Citizens Insurance v. ThermoFlex Waukegan*, 588 F. Supp. 3d 845 (N.D. IL 2022). The *Tony's Finer Foods* Court rejected the argument that the scanning of one's finger as at issue in BIPA cases "fit" within the terms of the exclusion. According to the Court, the exclusion does not reach anything that happens during employment.

Finally, Citizen's statement that LSL does not dispute that the BIPA claims are similar to harassment or defamation is without any basis. In fact, LSL specifically denied that the scanning of fingerprints was similar to any of the conduct referenced in the exclusion. (Defendants' Memorandum of Law at 7).

The employment related practices exclusion does not apply.

**IV.** **LSL'S Notice Of The Underlying Case Did Not Breach The Policy Conditions**

7

As testified to by Ash Luthra, LSL's president, LSL did not believe that there was anything to report when the underlying suit was originally filed as it was immediately stayed. (SOF 43). LSL was informed by counsel that the case was not continuing forward such that it believed that there was "nothing to report". (SOF 43). Once its attorney told LSL to report the case, LSL did so. (SOF 46-48).

As discussed in LSL's opening brief, one of the factors looked at by the Illinois courts in assessing whether notice is reasonable is the insured's awareness that coverage has been triggered. (LSL's Memorandum of Law at 8). In short, LSL was unaware that the suit, which it had been informed was not proceeding, invoked any obligation under the policy to notify Citizens.

Citizens contends that LSL's excuse is unreasonable. (Combined Response at 14). According to Citizens, there is no exception in the policy for suits that are "stayed" and the insured has no right to exercise discretion as to whether or not to give notice.

The fact that LSL believed that there was nothing to report under the circumstances here is not tantamount to an insured exercising discretion as to whether notice should be given or assessing whether coverage or liability was in issue. Rather, as testified to by LSL:

"There was clearly nothing to report because our counsel advised that this was made

to go away, it's been stayed, and there's nothing to really report."

(SOF 43).

It is undeniable that a stay of a lawsuit upon filing and ultimately for years thereafter is not the normal course of litigation. Notably, LSL's prior experience with claims involved storm damage and damage to a Company vehicle, as well as workers compensation claims. (SOF 7). The question of whether notice was provided as soon as practicable takes into account all of the "relevant facts and circumstances of each case". *Zurich Insurance Company v. Walsh Construction*

8

*Company*, 352 Ill. App. 3d 504, 509 (2004). Here, the insured was confronted with a case that it understood was not going forward.

According to Citizens, the fact that LSL was represented by counsel essentially trumps it's excuse that it did not believe that there was anything to report. The fact that an insured was represented by counsel is not a factor which renders one's excuse unreasonable, particularly, where, as here, its understanding of its obligations was based on its counsel's assessment. *See Pacific Employer's Insurance v. Clean Harbors,* 2011 U.S. Dist. Lexis 20001 at 19-20; *see also West American Insurance v. Yorkville National Bank*, 238-L2 D 177 (2010) (insured reasonably believed that coverage did not apply because of advice from its insurance agent even though it had retained counsel to defend the action).

The notice conditions are intended to enable the insurer to timely investigate and defend claims. E.g., *Zurich Insurance Company*, 352 Ill. App. 3d 504, 508 (2004). It is undisputed that the underlying case here did not proceed for almost 2 years, long after this action had been filed by Citizens. There was nothing to defend, a point which is consistent with LSL's position that there was nothing to report. Citizens clearly was not prejudiced by the delay and should not be able to bar its duty to defend now based on an purported breach of a condition intended to preserve its right to defend where a defense was not even possible.

LSL did not breach the policy notice conditions.

## **CONCLUSION**

Based upon the points in LSL's opening brief and herein, LSL prays that the Court denies Plaintiff's Motion for Summary Judgment and grants its Cross Motion for Summary Judgment finding and determining that Citizens owes a duty to defend it with respect to the underlying Sanchez suit.

9

Respectfully submitted,

LEAHY, EISENBERG & FRAENKEL, LTD.

By: /s/ *Patti M. Deuel*
One of the Attorneys for LSL Industries, Inc.,
an Illinois Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 5, 2024**, I electronically filed the foregoing using the Court's CM/ECF system, which will send notification of such filing to all parties of record.

Respectfully submitted,

*/s/ Patti M. Deuel*

Leahy, Eisenberg & Fraenkel, Ltd.
33 W. Monroe St., Suite 1100
Chicago, IL 60603
(312) 368-4554 – Phone
(312) 368-4562 – Fax

Patti M. Deuel (ARDC No. 6191074)
Howard Randell (ARDC No. 6204957)
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel.: (312) 368-4554
Fax: (312) 368-4562
Email: pmd@lefltd.com
hbr@lefltd.com

\\LEFPL19\ProLawFILES\Documents\LSL INDUSTRIES, INC. - HBR\21938\PLEADINGS - FEDERAL\1217348.docx